UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL CRAIG MYERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **No. LA CV 16-07758-VBF-FFM**<br><br>**ORDER**<br><br>**"Referring" the Habeas Petition to the U.S. Court of Appeals as Required By Ninth Circuit Rule 22-3(a);**<br><br>**Summarily Dismissing Action Without Prejudice** for Lack of Jurisdiction;<br><br>**Denying a Certificate of Appealability** and Advising Petitioner that He May Seek a COA from the Ninth Circuit |
| Petitioner, | | |
| v. | | |
| WARDEN, | | |
| Respondent. | | |

Proceeding pro se, California state prisoner Michael Craig Myers ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 on about December 18, 2016. *See* Case Management / Electronic Case Filing System Document ("Doc") 1. The habeas petition challenges his January 23, 1996 conviction for being a previously convicted felon unlawfully in possession of a firearm in violation of California Penal Code section 667.5(b), apparently on the basis of ineffective assistance of trial counsel and violation of his right to due process. (*Id.* at 2.)

**After referring the habeas petition to the Court of Appeals pursuant to Ninth Circuit Rule 22-3(a), this Court will then dismiss this action without prejudice.** To the extent that a certificate of appealability ("COA") is required to appeal the dismissal of this action or the referral of the petition, the Court will deny a COA. "The Court will not enter a final judgment at this time because today's Order does not conclusively dispose of petitioner's habeas claims and does not necessarily foreclose his opportunity to have those claims heard on the merits in federal court." *Henderson v. Madden*, LA CV 16-02003-VBF Doc. 5 (C.D. Cal. May 20, 2016).

In the instant petition (Doc 1 at 7 para. 10), petitioner answered "no" to the question, "Have you previously filed any habeas petitions in any federal court with respect to this conviction?" That was not accurate. The Court takes judicial notice of a habeas petition [1] that petitioner filed here on August 10, 2001, in case no. LA CV 01-06964-NM-RZ. The Prior Petition attacked the same conviction and sentence as the present Petition. (01-06964 Doc 17 at 2.) On April 25, 2002, the Prior Petition was denied for lack of merit.

The pending Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996. Section 106 of the AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] The Court takes judicial notice of the prior decision rendered by this Court, available on the PACER database. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section  is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the Petition now pending challenges the same conviction as the Prior Petition, it is a second-or-successive petition within the meaning of 28 U.S.C. § 2244(b).  To the extent that petitioner seeks to pursue the same claims he previously asserted, such claims are barred by 28 U.S.C. § 2244(b)(1).  To the extent he seeks to pursue claims *not* previously asserted, it was incumbent on him under  § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the petition, prior to his filing it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject-matter jurisdiction.

### "REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the court of appeals.  However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition.  After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate.  **This approach is consistent with the practice of at least seventeen other district judges (as well as a number of current and former magistrate judges) in our district in recent years.**  *See, e.g., Brown v. Fisher*, 2016

3

WL 2932087, *1 (C.D. Cal. May 19, 2016) (**Walter**, J.); *Scott v. Pfeiffer*, 2016 WL 1399397 (C.D. Cal. Mar. 4, 2016), *R&R adopted*, 2016 WL 1408050 (C.D. Cal. Apr. 6, 2016); *Farmer v. Biter*, 2016 WL 447793, *1 (C.D. Cal. Feb. 3, 2016) (**Gee**, J.); *Dooley v. Davis*, 2016 WL 183054 (C.D. Cal. Jan. 12, 2016) (**Klausner**, J.); *Pace-White v. Johnson*, 2015 WL 10044278 (C.D. Cal. Nov. 3, 2015) (**Mumm**, M.J.), *R&R adopted*, 2016 WL 552678 (C.D. Cal. Feb. 9, 2016); *Block v. Duffy*, 2015 WL 5826776 (C.D. Cal. Oct. 2, 2015) (**Guilford**, J.) ("After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate.") (citing *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (**Fairbank**, J.)); *Brandon v. L.A. Cty. Superior Court*, 2015 WL 1541567 (C.D. Cal. Apr. 2, 2015) (**Snyder**, J.); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (**Otero**, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (**Real**, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (**O'Connell**, J.); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (**Carney**, J.), *appeal declared moot*, No. 14-55815, 2016 WL 6936605 (9th Cir. Nov. 28, 2016) (Memorandum) (Berzon, Nguyen, D.J. Zouhary); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (**Anderson**, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (**Klausner**, J.); *Vanderwall v. Soto*, 2015 WL 1893159 (C.D. Cal. Apr. 27, 2015) (Wright, J.) *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (**Wright** II, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (**Wilson**, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (**Pregerson**, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (**Gee**, J.); *Goodall v. Marshall*, 2011 WL 6110333 (C.D. Cal. Dec. 2, 2011) (**Carter**, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (**Hatter**, Senior J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (**Stotler**, Sr. J.); *Smith v. Beard*, 2015 WL 2250013 (C.D. Cal. May 12, 2015) (**Chooljian**, M.J.); *Pace-White v. Johnson*, 2015 WL 1833952 (C.D. Cal. Apr. 10, 2015) (**Nagle**, M.J.).

**<u>DENIAL OF CERTIFICATE OF APPEALABILITY</u>**

Rule 11(a) of Rules Governing § 2254 Actions, Certificate of Appealability, provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on a settled legal issue regarding jurisdiction, the Court does not require any arguments from the parties on whether a COA should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground without prejudice that it was a second or successive petition not authorized in advance in writing by the Ninth Circuit. Thus, the Court's determination of whether a COA should issue is governed by *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484. As the Supreme Court further explained:

> Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

5

529 U.S. at 485.  **The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor."**  *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)); *accord Elliott v. US*, 2016 WL 409817, *1 (E.D. Tex. Feb. 3, 2016) ("Any doubt regarding whether to grant a [COA] is resolved in favor of the movant, . . . .") (citing *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000)), *appeal filed*, No. 16-40276 (5th Cir. Feb. 22, 2016).  **But no such doubt exists here.**  None of petitioner's claims is "adequate to deserve encouragement to proceed further", *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983), because "jurists of reason would" not "find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over this petition until and unless petitioner secures advance written authorization from the Ninth Circuit to file the petition here.

## ORDER

**Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the petition to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.**

"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. section 2255(h).  Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing" to convince the Circuit to grant him leave to file this second-or-successive petition.  *See Todd v. US*, 2012 WL 5350012, *3 (W.D. Wash. Oct. 4, 2012) (Theiler, M.J.), *R&R adopted*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (Robart, J.); *accord US v. Raul Zavala*, 2016 WL 3033726, *1 (E.D. Wash. May 26, 2016) (Suko, J.); *Norris v. State of Wash.*, 2015 WL 7280592, *1 (E.D. Wash. Oct. 7, 2015) (John Rodgers, M.J.), *R&R adopted*, 2015 WL 7283129 (E.D. Wash. Nov. 17, 2015)).

Case 2:16-cv-07758-VBF-FFM   Document 14   Filed 03/28/17   Page 7 of 8   Page ID #:188

**"Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information."** *Larue v. Wash. State Dep't of Corrs.*, 2008 WL 5245980, *1 (E.D. Wash. Dec. 15, 2008).

**The Clerk shall send a copy of the habeas petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit.**

**The Clerk shall provide petitioner with a form recommended by the Ninth Circuit** for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**This action is dismissed without prejudice for lack of subject-matter jurisdiction** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

**The Court DECLINES to issue a certificate of appealability.**

**Petitioner may seek a COA from the U.S. Court of Appeals for the Ninth Circuit.** *Accord Juniper v. Zook*, 2016 WL 413099, *1 (E.D. Va. Feb. 2, 2016).[2]  "This Court intimates

---

[2]

*See* Rule 11(a) of Rules Governing Sec. 2254 Cases  (stating, in pertinent part, "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under [Fed. R. App. P.] 22."); Fed. R. App. P. 22(b)(1) (providing, in pertinent part, "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it."); 9th Cir. R. 22-1(d).

1  no opinion as to whether the U.S. Court of Appeals will consider such a COA request to be
2  timely." *US v. Zepeda*, 2017 WL 385551, *2 (C.D. Cal. Jan. 27, 2017).

5  Dated:  Tuesday, March 28, 2017

*Valerie Baker Fairbank*
_____

VALERIE BAKER FAIRBANK
Senior United States District Judge